## JOHN C. FALL v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF MARYSVILLE.

THE charter of the city of Marysville contains this clause: "The Common Council shall have power within the city to construct a bridge across the Yuba river at the southern extremity of the public plaza, or to authorize the construction upon such terms as to a division of the proceeds from the tolls as may be just, and to regulate the rates of tolls." Under this clause, an ordinance was passed granting Eaton & Smith the franchise of constructing a bridge, the grant to last twenty-five years, they paying the city five per cent. of the gross tolls. They constructed the bridge, and subsequently assigned all their interest in it and the franchise to plaintiff, who has regularly paid over the five per cent. The city now assesses a tax on the bridge as the property of plaintiff: Held, that plaintiff has a taxable estate in the bridge, and that the tax is valid; that the city is not the present owner of the bridge, but has only a reversionary interest.

Held, further, that the objection, that the bridge has been assessed at its full value, does not affect plaintiff's right to maintain this suit to enjoin the collection of this tax, but only goes to the amount of the tax, and not to its validity; and that the only remedy of plaintiff was to apply for a reduction of the tax.

The property was not taxable beyond plaintiff's interest in it; and in legal effect, the tax assessed amounted to nothing more than a tax upon such interest.

APPEAL from the Tenth District.

Suit to enjoin the collection of a tax. The case was made upon an agreed statement of facts, which were: 1st, that the charter of the city of Marysville contained the clause quoted in the opinion of this Court, and to be found in the Act of March 3d, 1857 (Stat. 1857, 40, Art. III, sec. 7, subd. 21); that an ordinance was passed March, 1857, granting the right to construct a bridge, in pursuance of the statute, to Eaton & Smith—the franchise to last twenty-five years, they to pay the city five per cent. of the gross tolls, and at the end of the term the bridge and franchise to revert to the city; 3d, that Eaton & Smith constructed the bridge, and complied with the ordinance; 4th, that plaintiff has succeeded to all the rights of the grantees in the bridge, etc., and has regularly paid to the city the five per cent. of the tolls; 5th, that the city authorities of Marysville have assessed plaintiff in the sum of one hundred and forty-three dollars and thirty cents, for city taxes for the year 1859, upon said bridge, and are about enforcing the collection of the same.

Upon these facts, the question was submitted, whether plaintiff had a taxable interest in the bridge.   If he had not, then a decree was to be entered perpetually enjoining defendants from collecting the tax and from hereafter assessing such tax.   But if the Court considered the bridge subject to taxation by the city, then judgment was to be entered for defendants, and against plaintiff for one hundred and forty-three dollars and thirty cents—the amount of the tax.

The Court below held that plaintiff had no such property in the premises as was taxable by the city, and rendered judgment perpetually enjoining the collection of the tax, and also prohibiting any future assessment.   Defendants appeal.

*John A. McQuaid,* for Appellants.

*T. B. Reardan,* for Respondent.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action to enjoin the collection of a tax assessed by the defendants upon a bridge within the corporate limits of the city of Marysville.   The charter of the city contains a clause in these words : " The Common Council shall have power within the city to construct a bridge across the Yuba river at the southern extremity of the public plaza, or to authorize the construction upon such terms as to a division of the proceeds from the tolls as may be just, and to regulate the rates of tolls."   The bridge was constructed under the authority of an ordinance passed in pursuance of this clause of the charter, and was subsequently conveyed to the plaintiff, against whom the tax in question was assessed.   The franchise was granted by the ordinance for the period of twenty-five years ; and it is provided, that at the expiration of that time, the bridge, as well as the franchise, shall revert to the city.   The grantees are to pay to the city five per cent. of the tolls collected, and to deliver the bridge free of expense, etc., upon the termination of the grant.   The plaintiff contends that under these provisions the city is to be regarded as the present owner of the property, and that the assessment of a tax upon it for municipal purposes is a nullity.   We take

a different view of the matter, and look upon the city as having only a reversionary interest, subject to which the entire property is vested in the plaintiff.    All that the city possessed was the franchise, and in parting with that, she parted with her whole interest for the period mentioned, reserving nothing but a reversionary right. There is no doubt, therefore, that the plaintiff has a taxable estate in the property, and so far as his right to maintain this suit is concerned, it is immaterial that the property has been assessed at its full value.    The objection on that ground does not go to the validity of the tax, but to its amount, and an application for its reduction was the only remedy.    The property was not taxable beyond his interest in it, and in legal effect, the tax upon it amounted to nothing more than a tax upon his interest.

Judgment reversed and cause remanded.