[No. 2,733.]

## CHARLES L. LOW *v.* JOHN B. LEWIS.

TAX ON PROPERTY OF MUNICIPAL CORPORATION.— The property of a municipal corporation is not liable to taxation for municipal purposes.

IDEM.—A municipal corporation cannot tax its own property.

WHEN TAX DEED IS VOID. — If a tax is illegal and void a sale under it is a nullity and a deed of property sold for such a tax conveys no title.

EJECTMENT AGAINST STRANGER TO THE TITLE.—A defendant in ejectment who is a stranger to the title, cannot object, in a case where the plaintiff derives his title from a municipal corporation, that the plaintiff has not proved otherwise than by the recitals in his deed, that he was one of the parties to whom the corporation was permitted by law to sell.

DEFENSE BY STRANGER TO TITLE IN EJECTMENT. — If a municipal corporation is by law allowed to sell its realty to certain persons or their assigns, and conveys to an assignee, who brings ejectment against a stranger to the title, the defendant, on the trial, will not be allowed to question the fact that the plaintiff was such assignee.

*M. G. Cobb,* and *C. R. Greathouse,* for Appellant.

The recitals of the deed itself were not evidence of the facts recited, so far as the defendant was concerned.   (1 Greenl. on Ev., Sec. 23; 2 Phil. on Ev., Cowen & Hill's Notes, 4 ed., p. 574, n. 476; Stats. 1862, pp. 265, 266.)

The general rule is that all parties to the deed and privies are bound by the recitals therein; but such recitals do not bind strangers, or those who claim by title paramount to the deed.

They do not bind persons claiming by an adverse title, or

persons claiming from the parties by a title anterior to the date of the reciting deed. (*Simpson* v. *Eckstein,* 22 Cal. 582; *Crane* v. *Morris,* 6 Peters, 611; *Penrose* v. *Griffith,* 4 Binn. 231.)

The reason of the rule is, that the recital in a deed amounts to the confession of the party; and that confession is evidence against himself and those who stand in his place, Of course, such confession can be no evidence against strangers. (*Penrose* v. *Griffith,* 4 Binn. 231.)

The tax deed is made by the statute prima facie evidence of title in the defendant, and conclusive proof of the matter set forth therein. (Stats. 1857, p. 325, Sec. 23; 2 Hitt., Sec. 6319; *Keane* v. *Cannovan,* 21 Cal. 291.)

*Charles A. Low,* for Respondent.

The recitals in the deed to plaintiff were prima facie evidence of their truth. The city was dealing with its own property, and is bound by its admissions. The defendant, at the point when the deed was offered and admitted, was a stranger to the city's title. (*Stark* v. *Barrett,* 15 Cal. 363; *Clark* v. *Lockwood,* 21 Cal. 220.)

By the Court. CROCKETT, J.:

The lot in controversy is one of what are known as the "City Slip Lots," in the City and County of San Francisco. These lots were sold in 1853 under what purported to be an ordinance of said city. Subsequently it was decided by this Court in several cases that the alleged ordinance was a nullity, and that no title passed to the purchasers at the sale. The lot in controversy was purchased at this sale by one Buchânan at the price of sixteen thousand seven hundred dollars, which was fully paid. On the 17th April, 1862, the Legislature passed an Act which authorized the Board of Supervisors of said city and county to " settle, compound,

and compromise, and adjust" certain indebtedness arising
from the claims of the purchasers, against the city, for the
purchase money which they had paid; and, also, "to close,
adjust, and settle all controversies respecting the title to said
property known as the 'City Slip Property,' upon such terms
as the said Board may deem just and equitable." The Act
further provided "that in all cases where the purchase
money had been paid for any of said lots, and the purchasers
may elect to receive deeds for the same in lieu of any judg-
ment recovered or claim for the return of the purchase
money, the Mayor of said City and County of San Francisco
is hereby authorized to make and execute deeds to such
purchasers or their assigns without any additional considera-
tion, which deeds shall convey all the title in said lots which
the city and county has therein." (Stats. 1862, p. 265.) At
the trial the plaintiff, after proving the original title of the
city, put in evidence the above recited Act of the Legisla-
ture, and a deed to the plaintiff, dated October 15th, 1868,
executed by the Mayor, which recited the sale to Buchanan
in 1853, the payment of the purchase money, the fact that
the sale was afterwards decided by this Court to be null and
void, the assignment by Buchanan to the plaintiff of his
claim to have the purchase money refunded, and that the
plaintiff had elected to receive a deed for the lot in lieu of
a return of the purchase money. After putting the deed in
evidence the plaintiff rested and the defendant moved for a
nonsuit on the ground: "First, that the action was barred by
the Act of March 5th, 1864, generally known as the 'Hawes
Limitation Act;' second, that the recital in the deed to the
plaintiff of the assignment from Buchanan is not sufficient
to carry any such assignment." The motion for a nonsuit
was denied, and the defendant thereupon put in evidence a
deed to himself from the Tax Collector of the City and
County of San Francisco for the lot in controversy, dated
August 12th, 1867, which recited a levy and sale for State,

city, and county taxes for the fiscal year 1866–7. The plaintiff, in rebuttal, proved that he was in possession of the lot in July, 1867. On these facts the Court entered judgment for the plaintiff, and the defendant having moved for a new trial, which was denied, appeals from the judgment and from the order denying a new trial.

If the tax deed put in evidence by the defendant was valid and operative to carry the title, the judgment is erroneous. It does not appear on what ground the Court below held the deed to be inoperative; nor have the counsel on either side discussed its legal effect. In the absence of aid from counsel on this point, we are left to surmise on what ground, if any, the deed is open to attack. When the lot was sold for taxes it was the property of the City and County of San Francisco, and it appears from the recitals of the deed that it was sold "for taxes due to the State of California, and to the County of San Francisco." The property of a municipal corporation is not liable to taxation for municipal purposes. It cannot tax its own property. (*Fall* v. *Marysville*, 19 Cal. 391.) The tax for which the lot was sold, being illegal and void, the sale was a nullity, and the tax deed conveyed no title. (*Hardenburgh* v. *Kidd*, 10 Cal. 402; *Bucknall* v. *Story*, 36 id. 67.)

In making the deed to the plaintiff, the city and county was therefore dealing with its own property. The defendant had no interest in the question, whether the plaintiff was the assignee of Buchanan, and as such entitled to the conveyance. The parties in interest being satisfied on this point, a stranger to the transaction and to the title, having no privity with either party, will not be allowed to question the existence of a fact on which the parties in interest have acted in the exercise of a power conferred by statute. It was, therefore, not incumbent on the plaintiff to prove the assignment from Buchanan, otherwise than by the recitals of the deed.

The other points made by the defendant are untenable; and we deem it unnecessary to notice them more particularly. Judgment and order affirmed.