[No. 8933.    Department Two.—June 3, 1885.]

THE CITY AND COUNTY OF SAN FRANCISCO,
RESPONDENT, v. JAMES McGINN, APPELLANT.

TAXATION—IMPROVEMENTS ERECTED ON LANDS LEASED FROM MUNICIPALITY.—
For the purpose of taxation, improvements erected by a lessee upon lands owned
by and leased from a municipal corporation are regarded as the property of the
lessee.

APPEAL from an order of the Superior Court of the city and
county of San Francisco refusing a new trial.

*W. C. & I. G. Burnett*, for Appellant.

*William Craig*, and *John L. Love*, for Respondent, cited *Los
Angeles* v. *Los Angeles City Water Works*, 49 Cal. 638; *People*
v. *Morrison*, 22 Cal. 74.

MYRICK, J.—This is a tax suit, the defendant claiming that
no taxes on the property can be recovered of him. The city and
county of San Francisco, in 1875, under the Act of March 30,
1875, leased to defendant a portion of the school lot belonging
to the city and county, located at the corner of Market and Fifth
streets. The defendant took possession of the leased land, and
made improvements and erected a substantial four-story frame
building, with brick foundation, attached to the soil. For the
fiscal year 1881–82 the building and improvements were
assessed to defendant, and this suit is to recover the taxes. The
defendant insists that he is not liable for the taxes, because, he
says, *first*, the city and county owns the realty, the improve-
ments and building are portion of the realty, and therefore not
his property; and *second*, section 3887 of the Political Code, as
in force at the date of the lease, declared that the "lessor of real
estate is liable for the taxes thereon," and the city and county,
being liable, cannot recover of him.

It is not necessary to follow and answer in detail the various
reasons given by defendant why he should not be held liable;
it is sufficient to say that, for the purposes of revenue, the legis-
lature of this State has observed a distinction between real estate
and improvements, and that distinction has been recognized by
this court.

Section 3607 of the Political Code, as in force in 1875, declared that property of municipal corporations was not subject to taxation. If, as contended, the building and improvements were portion of the realty and thus held exempt, the provision of the Constitution of 1863, as to uniformity of taxation, might be evaded.

We are of opinion that, for the purposes of revenue, the defendant was the owner of the property assessed, and that he is liable for the taxes.

Order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.