[Civ. No. 2077. Third Appellate District.—April 21, 1920.]

OUTER HARBOR DOCK AND WHARF COMPANY (a Corporation), Appellant, v. COUNTY OF LOS ANGELES (a Body Politic and Corporate), Respondent.

[1] TAXATION—IMPROVEMENTS ON PUBLIC LANDS—LIABILITY TO ASSESSMENT.—Though land in this state may be exempt from taxation because it belongs to the city, to the state, or to the United States, improvements made thereon by an individual for his own use and benefit are subject to assessment and taxation.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Andrews, Toland & Andrews and Andrews, Toland, Gregg & Andrews for Appellant.

A. J. Hill and Robert B. Murphey for Respondent.

BURNETT, J.—The action was brought to compel the defendant to refund taxes assessed and collected on a wharf and two warehouses constructed by plaintiff on certain lands at San Pedro, owned by the state of California, and leased to the plaintiff. The case, in some general respects, is similar to that by the same plaintiff against the city of Los Angeles ([Cal. App.], 193 Pac. 137), and we shall not repeat the facts therein set forth. The only contention of appellant herein is that said improvements are exempt from taxation by reason of the fact that, being attached to the land, they are in contemplation of law a part of the land, and, therefore, in the same category as the land itself, which is not taxable, since it belongs to the state. In *San Francisco* v. *McGinn,* 67 Cal. 110, [7 Pac. 187], the question, though, is directly met and unequivocally decided contrary to appellant's claim. Therein a certain school lot in the city of San Francisco, which had been dedicated for school purposes forever (and therefore incapable of private ownership) was, pursuant to a special statute, leased to McGinn for a period of fifty years. The lease contained no provision relating to the construction of

improvements by the lessee, or entitling the lessee to remove any improvements. McGinn constructed a four-story frame building with basement, with a brick foundation, permanently imbedded in and attached to the soil. The improvements were assessed for taxation to McGinn for the year 1881–82, and the suit was brought to collect said taxes. In McGinn's answer to the complaint, he alleged that "said property mentioned in the complaint, and the whole thereof, at the time of the making of said supposed assessments and the levying of said supposed taxes, . . . was, and the whole thereof, and still is the property of the city and county of San Francisco, and lawfully dedicated to public school purposes forever, for the public school educational purposes of said city and county, and of the state of California.

"That the improvements mentioned in the complaint are and always have been permanently attached to and are part of said real estate and lot of land described in the complaint, and themselves real estate.

"That the property mentioned in the complaint as having been assessed is not nor any part thereof, and has never been, personal property."

The foregoing indicates the theory of McGinn upon which he claimed his exemption from taxation. The lower court, however, rejected his contention, and the supreme court affirmed an order denying the motion for a new trial. Appellant suggests that the opinion in said cause is extremely short and that probably the question involved was not thoroughly considered. There is also an intimation that the case is distinguishable by reason of the fact that therein the fee was capable of private ownership. But, in answer, it may be said that the decision has not been overruled; on the contrary, has been recognized since as sound by the supreme court, and that on appeal substantially the same points were made by counsel for McGinn as appear in appellant's brief herein. It should be sufficient, therefore, to quote from said decision the following: "It is not necessary to follow and answer in detail the various reasons given by defendant why he should not be held liable; it is sufficient to say that, *for the purposes of revenue, the legislature of this state has observed a distinction between real estate and improvements,* and that distinction has been recognized by this court. . . . We are of opinion that, *for the purpose of*

*revenue,* the defendant was the owner of the property assessed, and that he is liable for the taxes.'' [1] Indeed, the rule is thoroughly settled in California that, though the land may be exempt from taxation because it belongs to the city, to the state or to the United States, yet improvements made thereon by an individual for his own use and benefit are subject to assessment and taxation. In support of the proposition, we may cite these additional decisions of our supreme court: *Fall* v. *City of Marysville,* 19 Cal. 391; *People* v. *Shearer,* 30 Cal. 645; *Los Angeles* v. *Los Angeles City Water Works Co.,* 49 Cal. 638; *San Pedro etc. R. R. Co.* v. *City of Los Angeles,* 180 Cal. 18, [179 Pac. 393].

The doctrine of the law as thus expounded relieves us of the necessity for a consideration of other cases cited by the parties herein or any independent investigation of the subject.

It is due appellant's counsel to say that they have filed no reply brief, having concluded, no doubt, that respondent's position is impregnable.

The judgment is affirmed.

Hart, J., and Ellison, P. J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 21, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 17, 1920.

All the Justices concurred.