[S. F. No. 10132. In Bank.—March 31, 1922.]

ERNESTINE BRYAN, Petitioner, v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (a Corporation), Respondent.

[1] SCHOOL LAW — NONRESIDENT STUDENTS OF UNIVERSITY — TUITION FEE.—The requirement that a student of the state university shall maintain a residence in the state of California for one year as an evidence of the *bona fides* of his intention to remain a permanent resident of the state and that he is not temporarily residing within the state for the mere purpose of securing advantages of the university, cannot be held to be an unreasonable exercise of discretion by the legislature or by the regents of the university, and is constitutional.

APPLICATION for a Writ of Mandate to require the Regents of the University of California to admit petitioner to the University without the payment of the fee required of nonresidents. Writ denied.

The facts are stated in the opinion of the court.

John J. Goldberg for Petitioner.

J. M. Mannon, Jr., for Respondent.

WILBUR, J.—The petitioner seeks a writ of mandate to compel the respondent to admit her to the University of California. The respondent is willing to admit her as a student providing she will pay the fee fixed by the respondent for nonresidents, amounting to seventy-five dollars a semester. This refusal of the respondent is in accordance with section 1394½ of the Political Code and rules of the state board of regents adopted in accordance therewith. This section, adopted in 1921, reads as follows:

"An admission fee and rate of tuition fixed by the board of regents must be required of each nonresident student. The board of regents shall cause to be computed the actual cost to the university of maintaining one student in each of the respective courses of the several colleges for the period of one year. Each nonresident student shall be required to pay as the rate of tuition the sum provided for by the above computation for the particular course such student is following; *provided,* that the maximum sum to be paid shall not exceed five hundred dollars; *and provided, further,* that such sum may be remitted in whole or in part in the case of graduate students in other than professional colleges and schools. A nonresident student as used in this section shall mean any person who has not for more than one year immediately preceding his entrance into the university been a *bona fide* resident of the state of California." (Stats. 1921, p. 541.)

[1] It is contended that this legislation and the rule of the board of regents adopted in pursuance thereof violates article I, sections 11 and 21, of the constitution of the state of California. These sections prohibit the granting of privileges or immunities to any citizen or class of citizens "which upon the same terms shall not be granted to all citizens." It is pointed out that all persons residing within the state of California except the children of transient aliens and of alien public ministers and consuls are citizens (Pol. Code, sec. 51), and that, therefore, the petitioner is a

citizen within the meaning of article I, section 21, of the state constitution. It is conceded that the legislature has power to enact laws classifying citizens where the classification is not unreasonable and arbitrary 'and that legislation with reference to such classification is constitutional, but it is contended that there is no reasonable basis for extending the rights of the university to all other citizens and denying such privileges to citizens who have not resided within the state for one year. It must be conceded that it is permissible to classify citizens who have resided within the state one year for certain purposes, notably, that of voting. Section 50 of the Political Code provides: "The people, as a political body, consist: 1. Of citizens who are electors; 2. Of citizens not electors." The constitution itself makes this classification (art. II, sec. 1). Now, one reason for denying a citizen of the state the right to vote in the state until he has been a resident of the state one year is that his residence for one year within the state is evidence of his *bona fide* intent to remain in the state permanently, and for the same reason the requirement that the voter shall reside ninety days in the county and thirty days in the election precinct in which he seeks to vote, is also considered necessary. Only such persons are eligible to become public officers (Pol. Code, sec. 58).

There seems to be no good reason for holding that the legislature may not make a similar classification in fixing the privilege for attendance upon the state university. It would be impossible for the state university to provide educational opportunities for all the citizens of the state. These facilities are necessarily limited. It is stated by the respondent that the number of scholars at the university have increased from 1,783 in 1900 to 10,599 in 1920. The expenditures for the next current biennial period are estimated at $9,000,000, almost equal to the entire annual expenditures of the United States government during the first years of its existence ($10,000,000). This expenditure is a heavy burden upon the taxpayers of the state. Taxes are payable annually and the requirement that a student shall maintain a residence in the state of California during one taxation period as an evidence of the *bona fides* of his intention to remain a permanent resident of the state and that he is not temporarily residing within the state for the mere

188 Cal.—36

purpose of securing the advantages of the university, cannot be held to be an unreasonable exercise of discretion by the legislature or by the respondent. It follows that the exclusion of the petitioner does not violate her constitutional rights.

Petition denied.

Shaw, C. J., Shurtleff, J., Lawlor, J., and Lennon, J., concurred.