[Sac. No. 3563. In Bank.—May 1, 1924.]

E. G. STUCKENBRUCK, Appellant, v. THE BOARD OF SUPERVISORS, etc., et al., Respondents.

[1] PUBLIC HEALTH—ACT OF 1917 (STATS. 1917, P. 791)—BOUNDARIES OF LOCAL HEALTH DISTRICTS—STATUTORY CONSTRUCTION.—The boundaries of a local health district formed pursuant to the act of 1917 (Stats. 1917, p. 791) may be fixed at an extent of area which shall be less than or equal to or greater than that bounded by the exterior lines of any one or more counties of the state, it being the evident intent of the legislature in providing by such act for the organization of health districts throughout the state that county and municipal boundaries should not be considered in their formation.

[2] ID.—POLICE POWERS—LOCAL HEALTH DISTRICTS—LEGISLATURE.—The legislature in the adoption of the act of 1917, relating to local health districts, was properly engaged in the exercise of those health and police powers which it has exercised in the formation and organization of irrigation, reclamation and drainage districts and for the government and control of these, not under the narrower form of municipal, or even county government, but upon a district plan by which they would be constituted state or governmental agencies for the accomplishment of the purposes for which they were designed.

[3] ID.—CONSTITUTIONAL LAW.—The contention that the act of 1917, relating to the creation of local health districts, is unconstitutional is without substantial merit.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

P. H. Johnson and John R. Cronin for Appellant.

Edward Van Vranken and Daniel V. Marceau for Respondents.

RICHARDS, J.—This appeal is from a judgment of the superior court of the county of San Joaquin denying the right of the plaintiff to an injunction restraining the defendant Board of Supervisors of said county from proceeding with the levy and collection of a certain tax upon the property of taxpayers within the exterior boundaries of said county. The tax which it was sought to have imposed and collected was based upon certain proceedings for the formation and functioning of a health district, undertaken pursuant to an act of the legislature, approved May 21, 1917, entitled, "An act to provide for the formation, government, organization, operation," etc., "of local health districts," etc. (Stats. 1917, p. 791.) The said act provided that local health districts may be organized, incorporated, and managed as provided in said act and may exercise the powers therein granted or necessarily implied; that such districts may include incorporated or unincorporated territory or both in any one or more counties, provided the territory of each district consists of contiguous parcels and that no municipal corporation is divided. The act then proceeds to provide the method for the formation of such district through the presentation to the board of supervisors of the county in which said district or portion thereof is situated, signed by registered voters in a certain proportion to the number of votes cast for Governor at the last general election. If an incorporated city or town is to be included in any such district the governing body thereof shall by resolution request the inclusion of the city or town within the proposed health district. The petition or petitions shall set forth and describe the boundaries of the district, and after certain posting and publication of notices the matter of the granting or denial of such petition shall come before the board of supervisors for hearing, at which time the said board shall determine whether the public necessity or the welfare of the inhabitants of the proposed territory requires the formation of

such district, and if it so appears to the board it shall enter an order so declaring and shall further by its said order establish the said district as a "Local Health District." The county clerk shall thereupon file a certified copy of said order with the Secretary of State, which official shall within ten days thereafter issue and deliver to the said county clerk a certificate showing that the said local health district has been duly formed under the provisions of said act. Thereupon the board of trustees for the newly formed district shall be appointed as provided in said act and shall proceed to function, and in so doing shall exercise the powers specifically designated under the terms of said act. For the carrying into effect of said enumerated powers the board of trustees of the district shall annually furnish to the board of supervisors of the county or counties in which such district or portion thereof is situated an estimate of the amount of money necessary for the exercise of its purposes and powers for the next ensuing fiscal year; whereupon it shall be the duty of the said board or boards of supervisors to levy and proceed with the collection of a special tax upon all of the property within such district sufficient in amount to effectuate such purposes. Pursuant to the foregoing provisions of said act of 1917 a local health district, the exterior boundaries of which were coterminous with the exterior boundaries of San Joaquin County, was formed and proceeded to function up to the point of procuring the board of supervisors of the county of San Joaquin to proceed with the levy and collection of the special tax requisite for its activities. Whereupon this action to enjoin the board of supervisors from proceeding further with the levy and collection of such tax was commenced and prosecuted by the plaintiff herein, a taxpayer of said county subject to such tax. The plaintiff in said action conceded in the trial court, and concedes here, that in so far as the formation of the district was concerned the proceedings therefor were conducted in conformity with the terms of said act, but it was his contention there, and is also here upon this appeal, that in attempting to create a health district having the same identical boundaries as the county within which it was sought to be formed the board of supervisors of said county acted beyond its powers, since the effect of its attempted action under the terms

of said statute was to superimpose upon the county of San Joaquin a public corporation exercising powers and duties which were already wholly covered and exercised by the county itself under the acts governing its formation. [1] We are unable to agree with that conclusion for the following reasons: While it is true that the boundaries of the said local health district are identical with the boundaries of the county of San Joaquin, no objection can be found within the terms of the act of 1917 for the fixation of the boundaries of such a district at an extent of area which shall be less than or equal to or greater than that bounded by the exterior lines of any one or more counties of the state of California. In point of fact, both county and municipal boundary lines may be disregarded in the formation of such health district, the former by the action of those whose petition initiates, and whose official sanction creates such district, the latter by the consent of the governing bodies of the municipalities which may lie within the exterior boundaries set for the district by those who form it. It was the evident intent of the legislature in providing by this act for the organization of health districts throughout the state of California that county and municipal boundaries might not be considered in their formation; [2] and this brings us to the second point to be discussed, which is that the legislature in the adoption of the act of 1917 was engaged in the exercise of those health and police powers which it has exercised in the formation and organization of irrigation, reclamation, and drainage districts and for the government and control of these, not under the narrower form of municipal, or even county government, but upon a district plan by which they would be constituted state or governmental agencies for the accomplishment of the purposes for which they were designed. The power of the state to exercise these powers of legislation was exhaustively considered by this court in the case of *In re Madera Irr. Dist.*, 92 Cal. 296, 318 [27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 276], where this court said: ''Whenever a special district of the state requires special legislation therefor, it is competent for the legislature, by general law, to authorize the organization of such district into a public corporation, with such powers of government as it may choose to confer upon it. It is not

necessary that such public corporation should be vested with all governmental powers, but the legislature may clothe it with such as, in its judgment, are proper to be exercised within and for the benefit of such district. Being created for the purpose of discharging only one public purpose, it is not requisite that it have power not necessary therefor, or which would be appropriate to a corporation organized for some other purpose. Neither is it requisite that such corporation should have legislative or judicial powers conferred upon it. It may be organized for the mere purpose of exercising executive and administrative functions, with the added power of making such prudential rules and regulations as may be necessary for the exercise of the particular functions intrusted to its charge. The powers committed to a public corporation organized for the administration of a public park, or for the government of a levee district, or for the control of the police department, need be only such as are peculiarly appropriate to such organizations.'' The principles above laid down have been generally adopted and applied in the organization and government of the increasing number of irrigation, reclamation, drainage, and sanitary districts throughout the state of California, and as to their applicability to the formation, functioning, and maintenance of health districts of the sort contemplated by the act under review we entertain no doubt. In the comparatively recent case of *Pixley* v. *Saunders,* 168 Cal. 152 [141 Pac. 815], the subject of the formation of a sanitary district within an area of which a municipal corporation exercising certain powers of sanitation had come to form a part, this court held that the matter of sanitation, which is merely one of the subjects within the general health powers of the state, was not a municipal affair within the inhibitions of sections 12 and 13 of article XI of the state constitution, but fell within that class of public purposes such as irrigation and reclamation, which the legislature had undoubted authority to commit to governmental agencies through general laws. In that case, also, this court considered the case of *Petition of Sanitary Board of East Fruitvale Sanitary District,* 158 Cal. 453 [111 Pac. 368], upon which the appellant herein chiefly relies, and pointed out that the question as to the power of the legislature to provide a single and comprehensive

scheme of sanitation over an area embracing both incorporated and unincorporated territory was expressly reserved from consideration in the East Fruitvale case. The argument of the appellant herein that the effect of the act of 1917 is to permit the formation of a health district having the same area and exercising the identical powers of a county would be to create two sets of officials exercising the same powers and hence likely to cause duplication, confusion, and impose needless burdens upon the taxpayer, would seem to find sufficient answer in the fact that as the record herein discloses, the powers to be exercised by the local health district in the instant case differ materially from and are much broader in their scope than those which would be exercised by the county officials of the county of San Joaquin. Perhaps the most vital difference between these two sets of powers consists in the fact that under the County Government Act affecting the county of San Joaquin the health regulations of the county have no application to incorporated cities and towns, of which there are several in that county, while under the act of 1917 a health district when formed may, with the consent of the governing bodies of such cities and towns, acquire jurisdiction to operate within as fully as without their boundaries.

[3] The appellant makes the further contention that the act in question is unconstitutional for the several reasons stated in his application herein. Practically every question discussed by the appellant in urging these objections to the constitutionality of said act was discussed and passed upon adversely to the appellant's contention in the case of *In re Madera Irr. Dist.*, *supra*, on the authority of which we hold that the constitutional objection of appellant to said act to be without substantial merit.

The judgment is affirmed.

Myers, C. J., Waste, J., Seawell, J., Lennon, J., and Lawlor, J., concurred.