[S. F. No. 15020. In Bank.—April 4, 1935.]

EDWARD J. LYNCH, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Respondents.

Philip S. Ehrlich, Albert A. Axelrod and Conrad Louis Gardner for Appellant.

John J. O'Toole, City Attorney, and Leo C. Lennon, Deputy City Attorney, for Respondents.

LANGDON, J.—This is an action by a taxpayer to enjoin the defendant city and county and certain officers thereof from permitting the exposition auditorium in the said city to be rented and used for allegedly improper purposes, particularly boxing and wrestling matches. The lower court denied any relief to plaintiff.

The auditorium was built by the Panama-Pacific International Exposition Company to be used in connection with the exposition held in San Francisco in 1915. The land was owned by the city, and the funds for building the exposition and the auditorium were raised by a bond issue of the city. It was contemplated that upon the termination of the exposition, the auditorium should remain the property of the city, to commemorate the enterprise. An agreement was entered into by the city and the company, which provided that the building should be maintained by the city ''for assemblages for purposes connected with the general welfare'', including ''special private assemblages, congresses, or conventions of such societies, associations, organizations or groups of individuals brought together for their common good, or for any purpose connected with the public welfare''.

The parties have discussed at some length the legality and binding force of this agreement, the contention of respondents being that it was void for lack of compliance with the method prescribed by the charter. But it is unnecessary to pass upon this issue for the cause may be decided upon elementary and settled principles. ■ The question whether an activity is for the common good, or public welfare, is, generally speaking, not primarily a judicial one, and the courts should avoid interference with a reasonable determination thereof by properly authorized bodies and officers. ■ The staging of boxing and wrestling matches, basketball games, and other sports, all of which are carried on under the authority of and in accordance

with our statutes, cannot be held by this court contrary to the public welfare as a matter of law. (See *County of Los Angeles* v. *Dodge,* 51 Cal. App. 492 [197 Pac. 403].)

No other points require discussion. The judgment is affirmed.

Preston, J., Curtis, J., Shenk, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.