[Civ. No. 5547. Third Appellate District.—November 9, 1935.]

GALT COUNTY WATER DISTRICT (a Corporation) et al., Petitioners, v. T. D. EVANS, as Secretary, etc., Respondent.

Hinsdale, Otis, Johnson & Hughes for Petitioners.

Everett M. Glenn for Respondent.

PULLEN, P. J.—The Galt County Water District and its directors seek by this proceeding to compel the secretary of the district to execute certain bonds heretofore authorized for the purpose of acquiring water works, canals, conduits and reservoirs, and also storage rights, lands and equipment useful or necessary to convey and make use of water for irrigation, power and other purposes.

No question is presented as to the validity of the organization or formation of the district nor the steps taken to incur a bonded indebtedness for the purposes stated above.

The answer of the respondent and the complaint of the intervener and the demurrers of petitioners thereto present but a single question for the determination of this court, namely: Does the fact that in 1935 the Sacramento Municipal Utility District annexed the Galt County Water District preclude the Galt County Water District from the exercise of the power to incur a bonded indebtedness granted by the

Act of June 10, 1913. (Stats. 1913, p. 1049; Act 9124, p. 5052, Deering's Gen. Laws, 1931.)

Respondent and intervener cite and rely upon the case of *In re Sanitary Board of East Fruitvale Sanitary District,* 158 Cal. 453 [111 Pac. 368]. That was a proceeding instituted by the sanitary board of the East Fruitvale Sanitary District pursuant to section 18 of an act for the formation of sanitary districts, Statutes of 1891, page 223, to determine the right of the board to issue bonds, and the validity thereof.

From the petition it appeared that the East Fruitvale Sanitary District was organized in May, 1909, under the provisions of said act, the territory comprising the district being in the county of Alameda. Following the organization the sanitary board initiated proceedings for the construction of a sewer system and the issuance of bonds in payment thereof. An election was called and at such election the requisite two-thirds vote was cast in favor of the issuance of the bonds. Following this election and prior to the order of the sanitary board directing that bonds be issued in accordance with the vote of the electors of the district, an election was held for the purpose of annexing to the city of Oakland certain adjacent territory embraced within the East Fruitvale Sanitary District, and the vote cast being in favor thereof, the territory became a part of the city of Oakland. Thereupon the city of Oakland challenged the right of the sanitary board to issue the bonds previously voted by the East Fruitvale Sanitary District. Upon the hearing of the issues thus presented the trial court found in favor of the sanitary district and held that the same had not been dissolved by reason of said annexation. However, on appeal, the Supreme Court held that upon the completion of the annexation the powers of the sanitary district and of the district sanitary board ceased.

It is to be noted, however, that the annexation act, under which the territory of the East Fruitvale Sanitary District was annexed to the city of Oakland, Statutes of 1889, page 358, expressly provided that from and after the date of the filing the document showing returns of the annexation election in the office of the Secretary of State, the annexation of said territory so proposed to be annexed shall be deemed to be and shall be complete, and that thenceforth such an-

nexed territory shall be to all intentions and purposes a part of such municipal incorporation.

In 1931, the legislature enacted a statute amending chapter 592, Statutes of 1913, to provide for the incorporation and organization and management of county water districts, etc., and adding a new section thereto known as section 12a, which amendment provides that:

"Any district organized under the provisions of this act may be annexed to or included within the territory of any municipal utility district organized under the provisions of that certain act entitled 'An act to provide for the organization, incorporation and government of municipal utility districts, authorizing such districts to incur bonded indebtedness for the acquisition and construction of works and property, and to levy and collect taxes to pay the principal and interest thereon,' approved May 23, 1921, as amended, and such annexation or inclusion shall not destroy the identity or legal existence of any district organized under this act, notwithstanding the identity of purpose or substantial identity of purpose of the municipal utility district to which or into which any district organized under this act is included or annexed."

It is further provided in the same section: "If such annexation or inclusion shall be made pursuant to any agreement or contract entered into in accordance with the provisions of this act whereby the properties or assets of any district organized under this act are transferred such district shall, nevertheless, in the case of such annexation or inclusion, continue its legal existence with all powers of a county water district under the terms of this act, until otherwise dissolved pursuant to any law now or hereafter enacted for that purpose."

As was clearly pointed out in *In re Sanitary Board of East Fruitvale Sanitary District, supra:* "In the absence of any constitutional restriction, the legislature has absolute power over the organization, the dissolution, the extent, the powers and the liabilities of municipal and other public corporations established as agencies of the state for the purposes of local government. (*In re Madera Irrigation District,* 92 Cal. 296 [28 Pac. 272, 275, 27 Am. St. Rep. 106, 14 L. R. A. 755].)

"What shall be the effect of the enlargement or diminution of the boundaries of such corporations or of the consolida-

tion of two into one, or of the annexation of the territory of one into another, is a question to be answered by a determination of legislative intent."

We may fairly assume that the legislature, having in mind a situation similar to that discussed in *In re Sanitary Board of East Fruitvale Sanitary District, supra,* deliberately proposed to correct the condition there pointed out and enacted the amendment referred to and has accordingly exercised its power and expressed its legislative intent.

Reference was made in *In re Sanitary Board of East Fruitvale Sanitary District, supra,* to the case of *Woodward* v. *Fruitvale Sanitary District,* 99 Cal. 554, 562 [34 Pac. 239], and *In re Werner,* 129 Cal. 567 [62 Pac. 97], questioning indirectly the constitutionality of the formation of a sanitary district which could exercise jurisdiction over any part of the territory included within a municipal corporation. That question is not here involved for several reasons, one of which being that we are here not concerned with municipal corporations but with public corporations inferior in power and scope to a municipal corporation.

It is therefore the order of this court that the writ of mandate issue as prayed for.

Thompson, J., and Plummer, J., concurred.