[L. A. No. 19776. In Bank. Nov. 4, 1946.]

THE PASO ROBLES WAR MEMORIAL HOSPITAL DIS-
TRICT (a Public Corporation), Petitioner, v. HOWARD
E. NEGLEY, as Secretary, etc., Respondent.

O'Melveny & Myers, James L. Beebe, William W. Alsup
and Roy B. Woolsey for Petitioner.

Clyde C. Woodworth for Respondent.

TRAYNOR, J.—By this proceeding in mandamus petitioner
seeks to compel the respondent, Secretary of the Paso Robles
War Memorial Hospital District, to attest bonds of the dis-
trict in the amount of $200,000. The issuance of the bonds
was authorized by resolution of the board of directors of
the district following a special bond election whereby more
than two-thirds of the voters of the district voting in the

election cast their votes in favor of the issuance of the bonds to construct a hospital and acquire a site and all furniture, apparatus, equipment and other necessary property. The district was formed, the election was held, and the bonds were authorized pursuant to The Local Hospital District Law. (Stats. 1945, ch. 932, Health & Saf. Code, §§ 32000 to 32313.) Respondent refuses to attest the bonds upon the ground that The Local Hospital District Law is unconstitutional.

It is settled that mandamus will lie to compel the performance of a ministerial duty such as the signing or attesting of a bond or warrant or the issuance of a warrant. (*Golden Gate Bridge etc. Dist.* v. *Felt,* 214 Cal. 308, 316 [5 P.2d 585]; *Mercury Herald Co.* v. *Moore,* 22 Cal.2d 269 [138 P.2d 673, 147 A.L.R. 1111]; *City of Whittier* v. *Dixon,* 24 Cal.2d 664, 666 [151 P.2d 5, 153 A.L.R. 956].)

The alleged grounds of unconstitutionality are: (1) That the state has no power to authorize a public corporation to build and operate a hospital as a business; (2) that the provision in The Local Hospital District Law limiting its use to counties of 200,000 population or less invalidates it as special legislation; (3) that it cannot be determined from the act whether the levy provided therein is a tax or special assessment; (4) that approximately 35,000 acres of land owned by the United States are included within the district and that this invalidates the organization of the district; (5) that the district does not intend to operate the hospital but intends to lease it to other persons for operation, and that a public body has no power to acquire property for the purpose of leasing it to private individuals; (6) that the principal and interest of the bonds must be paid from the moneys raised under the 20 cent tax limit and no additional levy may be made for that purpose; (7) that the district lies in two counties and the provisions of law for such district in two counties are both unworkable and unconstitutional; (8) that a local hospital district cannot include an entire county; (9) that it is invalid in authorizing a difference in rates to be charged nonresidents. We find no substance in any of these alleged grounds of unconstitutionality.

(1) No provision of the Constitution of the State of California or of the Constitution of the United States prohibits the Legislature from authorizing a public corporation to build and operate a hospital as a business. (*Green* v. *Frazier,* 253 U.S. 233 [40 S.Ct. 499, 64 L.Ed. 878]; *Jones* v.

*Portland,* 245 U.S. 217 [38 S.Ct. 112, 62 L.Ed. 252] ; *Standard Oil Co.* v. *Lincoln,* 275 U.S. 504 [48 S.Ct. 155, 72 L.Ed. 395] ; *Puget Sound Power & Light Co.* v. *Seattle,* 291 U.S. 619 [54 S.Ct. 542, 78 L.Ed. 1025] ; see *Housing Authority of the County of Los Angeles* v. *Dockweiler,* 14 Cal.2d 437, 450-451 [94 P.2d 794] ; *Chafor* v. *Long Beach,* 174 Cal. 478, 489-490 [163 P. 670, Ann.Cas. 1918D 106, L.R.A. 1917D 685] ; *Kellar* v. *City of Los Angeles,* 179 Cal. 605 [178 P. 505] ; *City of Oakland* v. *Williams,* 206 Cal. 315 [274 P. 328].) "In the light of modern knowledge as to the intimate relation of the public health to the public welfare, whether regarded from a social, economic, or moral standpoint, a hospital subserves a public use." (51 Am.Jur. 400.) There can be little question that a tax for a hospital owned by a public corporation is a tax for a public purpose. (*Joint Highway District No. 13* v. *Hinman,* 220 Cal. 578, 586 [32 P.2d 144] ; *Stuckenbruck* v. *Board of Supervisors,* 193 Cal. 506 [225 P. 857] ; *Anaheim Sugar Co.* v. *County of Orange,* 181 Cal. 212, 217 [183 P. 809] ; *Bliss* v. *Hamilton,* 171 Cal. 123, 133 [152 P. 303] ; *Palos Verdes Library District* v. *McClellan,* 97 Cal.App. 769, 776-777 [276 P. 600] ; see McAllister, *Public Purpose in Taxation,* 18 Cal.L.Rev. 137.)

(2) The Local Hospital District Law is not invalid as special legislation because its application is limited to counties of 200,000 or less population. Counties of large population, with large cities, have many hospitals owned and operated by churches or privately endowed, but the rural counties and counties with small cities are almost entirely without such hospitals. This lack of hospitals is a threat to health and safety. To meet such a problem a classification may be made on the basis of population. (*People* v. *Mullender,* 132 Cal. 217, 222 [64 P. 299] ; *Martin* v. *Superior Court,* 194 Cal. 93, 100 [227 P. 762] ; see, also, *Ogle* v. *Eckel,* 49 Cal. App.2d 599, 604-605 [122 P.2d 67].)

(3) The levy imposed by the Local Hospital District Law is an ad valorem levy on all real and personal property within the district. (Health & Saf. Code, §§ 32200 to 32205.) A levy imposed on all of the property in a district, both real and personal, according to its value and not upon the basis of special benefit, is a general tax and not a special assessment. (*Anaheim Sugar Co.* v. *County of Orange,* 181 Cal. 212, 216-217 [183 P. 809] ; *American Co.* v. *City of Lakeport,*

220 Cal. 548 [32 P.2d 622]; *People* v. *Whyler,* 41 Cal. 351, 354; *Williams* v. *Corcoran,* 46 Cal. 553, 555-556; *Joint Highway District No. 13* v. *Hinman,* 220 Cal. 578, 586-587 [32 P. 2d 144].)

(4) The inclusion of federally owned lands within the district does not invalidate the district. While federal land itself is not taxable, possessory rights therein and improvements thereon made by an individual for his own use and benefit are subject to taxation. (*People* v. *Shearer,* 30 Cal. 645; *City of Pasadena* v. *County of Los Angeles,* 182 Cal. 171, 176 [187 P. 418]; *Outer Harbor etc. Co.* v. *Los Angeles County,* 47 Cal.App. 194, 196 [193 P. 142].) Nontaxable lands may properly be included within an assessment district without affecting the validity of the district. (*Southlands Co.* v. *City of San Diego,* 211 Cal. 646, 667 [297 P. 521]; *Cullen* v. *Glendora Water Co.,* 113 Cal. 503 [39 P. 769, 45 P. 822, 1047]; see 5 McQuillan, Municipal Corporations (2d ed.) 840.)

(5) A public body may acquire property for the purpose of leasing it to private persons. (*City of Oakland* v. *Williams,* 206 Cal. 315 [274 P. 328]; *Byington* v. *Sacramento Valley etc. Co.,* 170 Cal. 124 [148 P. 791]; *San Francisco* v. *Linares,* 16 Cal.2d 441 [106 P.2d 369]; *Lynch* v. *City and County of San Francisco,* 3 Cal.2d 141 [43 P.2d 538]; see, also, *Egan* v. *San Francisco,* 165 Cal. 576 [133 P. 294, Ann.Cas. 1915A 754].)

(6) A levy in addition to the 20 cent tax limit may be made to pay the principal and interest of the bonds. The Local Hospital District Law provides three methods of financing: (a) annual assessments, limited to 20 cents on the $100, for maintenance and a fund to finance capital outlays (Health & Saf. Code, §§ 32202, 32203, 32221); (b) special assessments for acquisition, construction, maintenance or alteration, which may be in addition to the 20 cent limitation prescribed by section 32203 (Health & Saf. Code, §§ 32240, 32243); (c) bond issues for acquisition, construction, maintenance or alteration. (Health & Saf. Code, §§ 32300 et seq.) The 20 cent tax limit referred to in section 32203 is confined to maintenance expenses and a fund for capital outlays. If the regular annual assessments are not adequate for construction purposes, special assessments may be levied or bonds may be issued for this purpose. If the principal and interest of such bonds cannot be paid out of the regular annual assess-

ments then an additional levy must be made to pay such principal and interest. The board of directors is required to levy annually a sum sufficient to pay the principal and interest of such bonds. (Health & Saf. Code, § 32313.) Legislative authority to incur a debt carries with it the power to tax to meet that indebtedness unless the law clearly states a contrary intention. (*Ralls County Court* v. *United States,* 105 U.S. 733 [26 L.Ed. 957]; *United States* v. *Fort Scott,* 99 U.S. 152 [25 L.Ed. 348].)

(7) The provisions for a local hospital district in two counties are neither unworkable nor unconstitutional. The validity of joint special assessment or taxation districts has been frequently sustained. (*Las Animas & San Joaquin Land Co.* v. *Preciado,* 167 Cal. 580 [140 P. 239]; *Turlock Irrigation District* v. *Williams,* 76 Cal. 360 [18 P. 379]; *In re Sutter-Butte By-Pass Assessment No. 6,* 191 Cal. 650 [218 P. 27]; *Joint Highway District No. 13* v. *Hinman,* 220 Cal. 578 [32 P.2d 144]; see, also, *Watson* v. *Greely,* 67 Cal.App. 328, 339 [227 P. 664]; *Hagar* v. *Reclamation District No. 108,* 111 U.S. 701, 704-705 [4 S.Ct. 663, 28 L.Ed. 569].)

(8) A local hospital district may include an entire county. The identity of a special district is not merged in that of another political entity simply because its boundaries are the same as that of the other political entity. (*Los Angeles City School District* v. *Longden,* 148 Cal. 380, 381-382, 385 [83 P. 246]; *In re Wetmore,* 99 Cal. 146, 151 [33 P. 769]; *Hancock* v. *Board of Education,* 140 Cal. 554 [74 P. 44]; *Galt County Water District* v. *Evans,* 10 Cal.App.2d 116 [51 P.2d 202].)

(9) The Local Hospital District Law is not invalid because it authorizes a difference in rates to be charged nonresidents. (*Bryan* v. *Regents of the University of California,* 188 Cal. 559 [205 P. 1071]; *St. Helena* v. *Butterworth,* 198 Cal. 230 [244 P. 357]; *Durant* v. *City of Beverly Hills,* 39 Cal.App.2d 133, 139 [102 P.2d 759]; *E. A. Hoffman Candy Co.* v. *Newport Beach,* 120 Cal.App. 525 [8 P.2d 235]; see, also, *Pasadena City High School District* v. *Upjohn,* 206 Cal. 775 [276 P. 341, 63 A.L.R. 408].)

Let the peremptory writ issue as prayed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—Quite aside from the questions presented for decision by the hospital district in regard to the validity of the statute creating it, I adhere to the views which I have heretofore stated in regard to a proceeding in this form. (*City of Whittier* v. *Dixon*, 24 Cal.2d 664, 668 [151 P.2d 5, 153 A.L.R. 956]; *City and County of San Francisco* v. *Boyd*, 22 Cal.2d 685, 707 [140 P.2d 666]; *City and County of San Francisco* v. *Linares*, 16 Cal.2d 441, 448 [106 P.2d 369].) By this decision, a question of great public interest is determined in a suit brought by the hospital district against its secretary, no taxpayer or other person whose rights are affected being a party to the litigation. Under such circumstances, in my opinion, the action is a collusive one which should not be entertained.