[No. 1,963.]

## JAMES LICK *v.* ALEXANDER AUSTIN; AND CHRISTIAN REIS AND GUSTAVE REIS *v.* ALEXANDER AUSTIN.

DOUBLE TAXATION.—If land subject to a mortgage is taxed, and the debt secured by the mortgage is also taxed, and the tax on the debt is paid by the mortgagee, the mortgagor cannot complain of double taxation.

ASSESSMENT FOR TAXES.—In assessing land for taxation, the Assessor cannot deduct from its value the amount due on mortgages by which it is incumbered, and call the remainder its assessed value.

IDEM.—*Query?* Is the statute allowing the Assessor to deduct from solvent debts due the taxpayer, the amount of his indebtedness, constitutional?

IDEM.—Choses in action are property subject to taxation, even when secured by mortgage.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The plaintiffs appealed.
The other facts are stated in the opinion.

*Jackson Temple*, for Appellants.

In the case of *The People* v. *McCreery*, the Court was asked to hold that the lender or mortgagee was subject to double taxation, because he was taxed the full amount of his mortgage, and the mortgagor the full amount of the property mortgaged. This Court intimated that the mortgagor was subjected to double taxation, but declined to pass

upon the question, for the reason that the mortgagor alone could complain of it, and intimated also that there was no difference between the case of a mortgagor and any other debtor. We now present the case on the part of the mortgagor and debtor—the party which this Court in the *McCreery* case have said can complain of the assessment, if any one can.

It is double taxation.

This proposition can hardly be made plainer by argument or illustration. If property is taxed at its full value, and then the credit it gives the owner, one of its attributes, is also taxed, it is evident that there is double taxation somewhere. The common illustration is this: A. loans B. one hundred dollars. B. purchases a horse of C. for the money. A. is taxed one hundred dollars because B. owes it to him. B. is taxed one hundred dollars, the value of the horse. C. is taxed one hundred dollars for the money in his hands.

The injustice of this system of taxation is not noticed for the first time in California; the same conflict of interest has been carried on in other States, and will continue until a more just and enlightened system is adopted. In other States, however, where the power of the Legislature is not restricted as in California, the question has been solved by merely asserting the omnipotence of the Legislature, although the injustice of the system is acknowledged. (*People* v. *Worthington*, 21 Ill. 171; *The State* v. *Bronin*, 3 Zabriskie, 494; 4 Zabriskie, 255; 7 Hill, 268–286; 10 Mass. 514.)

These unjust laws would probably never have existed but for two ideas which, in my opinion, are radically erroneous. The mistake is made by Legislatures and by the Courts in considering a chose in action property, within the meaning of the Revenue Law. At first a chose in action was not considered property. It was not assignable. It is a mere right of action to recover something. It is not a right to the thing itself. Property, strictly, is ownership of the thing

owned. A right of action is neither, and must not for a moment be confounded with a right to recover property which a party owns but is not possessed of. A right resting in contract is not a right to any specific thing; when money is loaned, the title to the property loaned passes to the borrower, who must convert the property in order to use it. It is apparent upon slight reflection that, if no chose in action were assessed or taxed, still all the wealth of the country would be taxed at its full value. All property possessing value in itself would be taxed, but the State would not tax property at its full value and the credit it gives also; or, in other words, would not tax property to one person, and the right of action to acquire the ownership of the same property, to another. And I think this system would distribute the burdens of government equally. But one other theory of taxation occurs to me which would distribute the burdens of taxation equally, and that is to tax every one in proportion to the value of his estate—for what he is worth. This is the theory of the *McCreery* case, as I understand it.

The question whether the amount of the incumbrance should be deducted from the value of the mortgaged property, or the total indebtedness of the taxpayer should be deducted from the aggregate valuation of his estate, is not very material. The result would be the same in either case, and the pleadings in this case are so framed as to meet either view.

The constitutional provision requires all property to be taxed at its value—that is to say, at its market value, for there is no other rule. The market value is what it will bring in its present condition. Whenever real estate which is mortgaged is sold, the vendor is required to have the mortgage discharged, or the amount due upon the mortgage is invariably deducted from the purchase money, or else the property is sold for an amount less than it otherwise would be, just equal to the mortgage debt. The market value of

the property, therefore, is obviously just the amount of the debt less than it otherwise would be.

*Joseph M. Nougues,* for Respondent.

The only provision of the Constitution supposed to bear upon the questions presented by the pleadings is found in section thirteen of Article XI, which provides that "taxation shall be equal and uniform throughout the State. All property in this State shall be taxed in proportion to its value,. to be ascertained as directed by law." Turning to the statute, we find that in section five (Hittell's Digest, Sec. 6154) the property which is the subject of taxation is clearly defined, and the method of ascertaining its value for the purposes of taxation is directed. Among this property which is the subject of taxation is real estate; and no provision is made for deducting from the sum of its assessed value any indebtedness of the owner in possession. In Article 6289 of Hittell's Digest we find a provision, as follows:

"* * * In the case of a mortgage of real estate the mortgagor shall pay the taxes on the value of the property."

It must be apparent that under the clause of the Constitution to which we have referred the power to ascertain valuations for purposes of taxation is given to the Legislature—"ascertained as directed by law" is the phrase; that is to say, ascertained as directed by the statute. That is the only law meant, for the Constitution does not, in itself, attempt to point out the method by which such valuation shall be ascertained.

By the Court, RHODES, J.:

These actions were brought against the Tax Collector to enjoin the sale of certain real estate for the non-payment of

taxes. It is alleged in the complaints that the real estate, when it was assessed, was subject to certain mortgages; that the Assessor was duly informed of that fact, but that he assessed the real estate without regard to, or making any deduction on account of, the mortgages; that applications were made to the Board of Equalization to reduce the assessment in each case, on account of the mortgages, but the applications were refused; and that in each case the plaintiff tendered to the Collector the amount that would be due for taxes on the valuation of the property, as made by the Assessor, less the amount of the mortgages upon the real estate, but the tender was refused. The demurrer to each complaint was sustained.

The question discussed by counsel is whether the facts alleged in the complaint show cases of double taxation. It is not alleged that the valuation, as made by the Assessor, of the several parcels of land, was in excess of their real value. It is not, therefore, double taxation, in view of the real value of the land. It is not alleged that the taxes on the mortgages were paid; but if they were paid by the respective mortgagors, they were so paid, not by virtue of any statutory requirements, but voluntarily, or by virtue of a contract, and, therefore, the mortgagors could not complain either of the law or its administration in that respect by the revenue officers. If the taxes on the mortgages were paid by the mortgagees, the mortgagors cannot complain that their land was subject to double taxation. It was held in *People* v. *McCreery*, 34 Cal. 432, that a solvent debt secured by a mortgage is property, within the meaning of the constitutional provision in respect to taxation, and as such was subject to taxation as the property of the mortgagee. It being the duty of the mortgagee to pay the taxes assessed upon the mortgage debt, the mortgagor, when assessed for the land, has no legal cause of complaint, that the mortgagee

has paid, or is liable for the payment of, the taxes on the mortgage debt.

The only plausible ground assumed by the plaintiffs, is that real estate subject to a mortgage should be assessed at its value, less the amount of the mortgage debt, because the excess, if any, of the value of the land over the mortgage debt is the true value of the mortgagor's interest in the land. The Constitution and laws might have been so framed as to work that result, but they were not. The Constitution, section thirteen, Article XI, provides that all property shall be taxed in proportion to its value; and the revenue law provides that the Assessor shall ascertain the value of each parcel of property, etc.; but it is nowhere provided that the aggregate amount of the taxpayer's debts shall be deducted from the valuation of his property, nor that his indebtedness shall be deducted from the valuation of any of his property, except from his solvent debts. Whether that provision of the statute is valid is not a question in this case; but assuming that the statute in that respect is valid, it clearly shows that the solvent debts of the taxpayer are the only property from which he is permitted to deduct his indebtedness.

The plaintiffs have favored us with an able argument, to show that choses in action are not *property*, within the sense of that term, as used in section thirteen, Article XI, of the Constitution. By tracing the law back to an early day in the history of the common law, it will be found, as is claimed by the plaintiffs, that choses in action were not regarded as property; and not far from the same period it will be found that a mortgage was regarded as a conveyance of the legal title to real estate; but in the progress of commerce, aided by a more enlightened system of jurisprudence, both rules have been revised, and now a mortgage is regarded as a mere security for the payment of a debt; and a chose in action has been so much elevated above its former status that the mortgage debt is regarded as the principal thing and the

mortgage scarcely more than its attendant shadow. Indeed, choses in action have assumed such dignity, that we now find cases in which a plea of payment is held to be sustained by proof of the assignment of a bill or promissory note. Had the plaintiffs succeeded in sustaining their position, it is not perceived how it would aid them in maintaining their point as to double taxation. If the mortgage debts are not property, and if, notwithstanding that, the mortgagees have been assessed for their nominal value, and have paid the taxes thereon, the mortgagors are no more affected thereby, and have no greater cause of complaint, than they would have had the mortgagees been taxed for the assumed value of something which never had any existence. *People* v. *Kohl*, 40 Cal. 127, is not in point, for there the owner of the land was taxed, in the same fiscal year, on the value of the land and on the purchase money—the promissory note— received on the sale of the land.

In our opinion the real estate of the plaintiffs was properly assessed at its full value, without any regard to mortgages which were liens thereon, or without deducting the mortgage debts from the valuation of the real estate.

Judgment affirmed.

Mr. Chief Justice WALLACE, having been of counsel in the Court below, did not sit in this cause.

Mr. Justice CROCKETT did not express an opinion.