[L. A. No. 5332. Department One.—February 3, 1920.]

CITY OF PASADENA (a Municipal Corporation), Appellant, v. COUNTY OF LOS ANGELES, Respondent.

[1] TAXATION—PUBLIC PROPERTY—EXPRESS AUTHORITY.—Public property is not to be taxed unless there is express authority therefor.

[2] ID.—LANDS AND IMPROVEMENTS ACQUIRED BY PUBLIC CORPORATION OUTSIDE OF TERRITORIAL LIMITS—LIABILITY TO TAXATION—CONSTITUTIONAL LAW.—The amendment of November 3, 1914, to section 1 of article XIII of the constitution authorizes the taxation of such lands and improvements thereon located outside of a county, city and county, or municipal corporation owning the same as were subject to taxation at the time of the acquisition of the same by the county, city and county, or municipal corporation, but improvements on such property thereafter constructed are not subject to taxation.

---

1. Exemption of public lands from taxation, note, 132 **Am. St. Rep.** 294.

2. Taxation of property of municipality located in another municipality, note, 50 **L. R. A. (N. S.)** 243.

[3] ID.—LAND AND IMPROVEMENTS—MEANING OF TERMS.—Inasmuch as section 1, article XIII, of the constitution does not define the terms "land or improvements," it is to be presumed, in the absence of anything in the context to the contrary, that the words were used in the ordinary acceptation and as defined by the statutes in force at the time.

[4] ID.—ACQUISITION OF WATER DISTRIBUTING SYSTEM BY MUNICIPAL CORPORATION—LOCATION OUTSIDE LIMITS—LIABILITY TO TAXATION.—Under section 1 of article XIII of the constitution, as amended November 3, 1914, a municipal corporation is subject to taxation for county purposes for a part of a water distributing system consisting of pipes and mains lying in and under roads and streets of the county and outside of the corporate limits of the municipality, which was acquired by the city for the purpose of forming a part of its municipal water system and which were subject to taxation prior to the amendment.

[5] POSSESSORY RIGHTS — GOVERNMENT LAND.—Although government land is not taxable, yet possessory rights thereon and the improvements made for the convenience of such rights are subject to taxation, in view of subdivision 12, section 3650, of the Political Code.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

James H. Howard for Appellant.

A. J. Hill, County Counsel, and Robert B. Murphey, Assistant County Counsel, for Respondent.

SHAW, J.—The court below sustained a demurrer to the complaint and thereupon gave judgment for the defendant, from which plaintiff appeals.

The object of the action was to recover taxes levied by the defendant for county purposes on certain property of the plaintiff situated outside of its corporate limits. The sole question presented for consideration is whether or not such property is subject to taxes for county purposes. The decision of the question depends on the meaning and effect of section 1, article XIII, of the constitution, as amended on November 3, 1914.

Prior to the adoption of this amendment the section expressly provided that property "such as may belong to the

United States, this state, or to any county or municipal corporation within this state shall be exempt from taxation.'' As amended in 1914, the portion of the section which is applicable here reads as follows, the amendments being indicated by italics:

''All property in the state except as otherwise in this constitution provided . . . shall be taxed in proportion to its value, to be ascertained as provided by law, or as hereinafter provided. . . . Property . . . such as may belong to the United States, this state, or to any county, *city and county,* or municipal corporation within this state shall be exempt from taxation, *except such lands and the improvements thereon located outside of the county, city and county or municipal corporation owning the same as were subject to taxation at the time of the acquisition of the same by said county, city and county or municipal corporation; provided, that no improvements of any character whatever constructed by any county, city and county or municipal corporation shall be subject to taxation. All lands or improvements thereon, belonging to any county, city and county or municipal corporation, not exempt from taxation, shall be assessed by the assessor of the county, city and county or municipal corporation in which said lands or improvements are located.*''

A short time prior to the adoption of this amendment the city of Pasadena acquired the property in controversy. Prior to its acquisition thereof the property had belonged to certain public utility water companies engaged in supplying water to Pasadena and its inhabitants, and was subject to taxation for county purposes. The plaintiff acquired these properties to form therewith a municipal system for the supplying of such water to its inhabitants and has ever since used same for that purpose. The property in question consists of that portion of the system acquired from other corporations as aforesaid which lies in and under roads and streets of the county of Los Angeles and without the corporate limits of the city of Pasadena. It consists of the pipes and mains in which the water is conducted and whatever easements or rights of way may have been given or granted to the grantors of the city for laying and maintaining such pipes. In the year 1915 no county tax was levied on these properties outside of the city limits. In 1916, by reason of this omission, the county assessor assessed the

properties at double their value, pursuant to section 3649 of the Political Code. The taxes were paid by the plaintiff under protest and this action was brought for the recovery thereof.

The address to the voters printed on the ballots used at the election in 1914, at which this amendment was adopted, states that the amendment was proposed to protect from loss those counties into which municipalities might go for the purpose of constructing waterworks for supplying their inhabitants with water. It referred specifically to Los Angeles and San Francisco, which cities had already acquired large bodies of land situated in the counties of Tuolumne, Mono, and Inyo as parts of their respective water systems, the result of which, under the constitution as it previously stood, was to exempt from taxation large and valuable properties within said counties and thereby deplete the revenues of such counties. While this was the occasion of the amendment, its language must be interpreted in accordance with the natural and ordinary meaning thereof, having in view the mischief to be remedied. It cannot be supposed that the language used was intended to apply solely to the properties acquired by the two cities above named, or that if thereafter another city should acquire property for similar purposes situated outside of its limits or in another county, such city should not be subject to the rule fixed by the amendment.

[1] This is not a proper case for the application of the rule that provisions exempting property from taxation are to be strictly construed. That rule applies to exemptions of property held in private ownership. But where the question is whether or not public property shall be taxed, the rule is that it is not to be taxed unless there is express authority therefor. An example of this is found in the decisions to the effect that property belonging to a city was not taxable under the constitution of 1849, although there was no express exemption thereof in that constitution. (*People* v. *Doe*, 36 Cal. 220.)

[2] Stated affirmatively, the amendment authorizes the taxation of "such lands and the improvements thereon located outside of the county, city and county, or municipal corporation owning the same as were subject to taxation at the time of the acquisition of the same by said county, city

and county, or municipal corporation," but that improvements on such property, thereafter constructed by such municipality, shall not be taxed. The property here in question includes only the property which was acquired by the city and not any improvements thereafter constructed pertaining thereto. The constitution does not define the terms "land" or "improvements." It is to be presumed, in the absence of anything in the context to the contrary, that the words were used in the ordinary acceptation and as defined by the statutes in force at the time. The legislature had authority to define these terms. (*Miller* v. *County of Kern,* 137 Cal. 525, [70 Pac. 549]; *Kern Valley etc. Co.* v. *County of Kern,* 137 Cal. 514, [70 Pac. 476].) The Political Code declares that "the term 'improvements' includes: 1. All buildings, structures, fixtures, fences and improvements erected upon or affixed to the land, except telephone and telegraph lines." (Pol. Code, sec. 3617, subd. third.) The term "fixtures" is defined in section 660 of the Civil Code as follows: "A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls." The assessment in question describes the property as pipe-lines existing in public streets. The complaint describes it as part of a water distributing system lying in and under public roads and streets. From these descriptions it is clear that the property consists of fixtures, as that term is defined by the statutes above cited. (*Stanislaus Water Co.* v. *Bachman,* 152 Cal. 726, [15 L. R. A. (N. S.) 359, 93 Pac. 858]; *Rubio Canyon Assn.* v. *Everett,* 154 Cal. 32, [96 Pac. 811]; *Copeland* v. *Fairview etc. Co.,* 165 Cal. 154, [131 Pac. 119].) **[3]** The property, therefore, constitutes improvements for purposes of taxation.

The plaintiff's argument is that in providing that "such lands and the improvements thereon" shall be taxable, provided such lands and improvements were subject to taxation at the time of its acquisition by such city, the constitution intended to make the improvements taxable only when the land on or in which they were situated was taxable land at the time of such acquisition, and that the improvements here in question, being situated in public roads and streets, were not on or in taxable land. This does not appear to us to be a reasonable construction of the amendment, especially in view of the reasons given for its adoption. It is ex-

tremely probable that a large portion of the properties acquired by the cities of San Francisco and Los Angeles for municipal purposes outside of the limits of such cities, respectively, were situated on land belonging to the United States, which would not be taxable by the state for any purpose. The very object sought to be attained by that amendment was to subject such property or improvements thereon to taxation if it was of a character which was taxable when acquired by the city. [4] It is a well-known fact in the history of this state that, although government land itself is not taxable, yet possessory rights thereon and the improvements made for the convenience of such possessory rights were all subject to taxation. This condition of the law still continues. (*People* v. *Shearer*, 30 Cal. 655; *Bakersfield etc. Co.* v. *Kern County*, 144 Cal. 152, [77 Pac. 892].) Such separate assessment of improvements on nontaxable land is expressly provided for by section 3650 of the Political Code, subdivision 12. Furthermore, the property here in question belonged to the private companies which granted the same to the city and was taxable in their hands at the time of such acquisition, notwithstanding the fact that it was situated in public roads and streets. The language relied on and above quoted does not convey the meaning contended for by the appellant. It is a mere condensed form of expression used to convey the idea that both land and improvements of the class there described shall be taxable. This is emphasized by the subsequent provision that "all lands *or* improvements thereon, belonging to any county, city and county, or municipal corporation, . . . shall be assessed by the assessor of the county." This contemplates an assessment of either land or improvements.

The assessments complained of were made in accordance with section 3650, and we are of the opinion that they were fully warranted by the constitution.

The judgment is affirmed.

Lawlor, J., and Olney, J., concurred.