[Civ. No. 25029.  Second Dist., Div. One.  Mar. 28, 1961.]

OHRBACH'S, INC. (a Corporation), Appellant, v. COUNTY OF LOS ANGELES et al., Respondents.

Loeb & Loeb, Frank M. Keesling and John S. Warren for Appellant.

Harold W. Kennedy, County Counsel, and A. R. Early, Deputy County Counsel, for Respondents.

WOOD, P. J.—This is an action for refund of taxes.  The complaint, filed December 7, 1959, was entitled, "Milliron's, a corporation, Plaintiff, vs. County of Los Angeles . . . and City of Los Angeles . . . Defendants."

On April 11, 1959, pursuant to stipulation, Ohrbach's Inc., a corporation, "individually and on behalf of all others similarly situated [as stockholders]," was substituted as plaintiff

in place of Milliron's. On April 11, 1959, an amended and supplemental complaint was filed which was entitled, "Ohrbach's, Inc., a corporation, individually and on behalf of all others similarly situated, substituted as Plaintiff for Milliron's, a corporation, Plaintiff, vs. County of Los Angeles, a body corporate and politic, and City of Los Angeles, a municipal corporation, Defendants." Defendants demurred on the ground that said complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained without leave to amend, and judgment for defendants was entered. Plaintiff appeals from the judgment.

Appellant's contention is to the effect that the value of the possessory interest of the State of California in appellant's real property (under a sublease of a portion of the property), which interest of the state was exempt from taxation, was included in the assessed valuation of the portion of the property retained by appellant's assignor (Milliron's) —with the result that appellant's assignor was required to pay an excessive amount of taxes.

The amended and supplemental complaint alleges that: Milliron's was a corporation. About December 7, 1959, Milliron's filed the complaint in this action. About February 24, 1960, pursuant to a plan of liquidation of Milliron's, the claim which is the subject of this action was assigned to the common shareholders of Milliron's in undivided interests proportionate to their respective shareholdings. On February 22, 1960, Ohrbach's, Inc., a corporation, was the owner of 150,565 shares, of a total of 191,800 shares outstanding, of the common stock of Milliron's. As of February 24, 1960, there were approximately 100 common shareholders of Milliron's. This action is being continued by Ohrbach's, Inc., individually and upon behalf of all persons who were common shareholders of Milliron's on February 24, 1960, and who were assignees of said claim. The question to be litigated is of common and general interest to all said assignees. The assignees are numerous, and many are not residents of California, and therefore it is impractical to bring them before the court.

It is alleged further that the city of Los Angeles has authorized the county of Los Angeles to act as an assessing agent for the assessment and collection of property taxes for the city and that at all times pertinent hereto the county has acted in such capacity upon behalf of the city. The property upon which the taxes that are the subject of the

action were levied is that certain improved real property in the city of Los Angeles described as: (description omitted). In 1957 Milliron's was the assignee of the lessee's interest, in a portion of the land and improvements hereinabove described, under a lease dated August 8, 1922, between Central Properties Company, as lessor, and Fifth Street Building, as lessee, which lease is for the term commencing January 1, 1921, to December 31, 2019. In 1957 Milliron's was also the assignee of the lessee's interest, in the remainder of said land and improvements, under a lease dated May 20, 1921, between Fifth and Broadway Investment Company, as lessor, and Fifth Street Building, as lessee, for the same term. Under the terms of each of said leases the lessee is obligated to pay all taxes assessed against said land and improvements and is authorized to commence this action in the name of the lessor or in its own name. The provisions of such authorization are binding upon the successors and assignees of the parties to the lease. As a consequence thereof Milliron's was obligated to pay all taxes against said land and improvements and was authorized to commence this action in its own name. About October 30, 1956, Milliron's entered into a sublease of a portion of said premises with the State of California. Said sublease was amended on March 14, 1957, and was amended on April 16, 1957. Under the terms of said sublease, as amended, the state leased from Milliron's a total of 55,453.42 square feet of the usable office space in said premises for a total rental of $1,463,150.16 payable over a term of 10 years. The said area constituted 23.13 per cent of the total area of said premises. A copy of said sublease, marked Exhibit ''C,'' and a copy of said amendment, dated March 14, 1957, marked Exhibit ''D,'' and a copy of said amendment dated April 16, 1957, marked Exhibit ''E,'' are attached to the amended and supplemental complaint and incorporated therein as if set forth in full.

The amended and supplemental complaint alleged further that: In 1957 the county assessor assessed the said land at a valuation of $614,000 and assessed the improvements at a valuation of $621,000. Thereafter, the county, upon the basis of said assessment, levied a tax of $68,173.24 on the land and improvements for the year 1957. In 1957 the city, upon the basis of said assessment, levied a tax of $23,197 on the land and improvements. In making the assessment the assessor ''included therein, and did not exclude therefrom,'' the value of the possessory interest of the State of California under the sublease referred to above. The full cash value of the said

possessory interest in the land was $244,991.22, and the full cash value of the said possessory interest in the improvements was $247,948.47. The taxes were based in part upon the assessment of the possessory interest of the state, to wit: $32,730.80 of the county tax of $68,173.24 was based upon the said possessory interest: $11,132.28 of the city tax of $23,197 was based upon the assessment of said possessory interest. The said possessory interest of the state was and is exempt from taxation by defendants. On July 3, 1957, Milliron's petitioned the county board of equalization to reduce said assessments on the ground that the value of said possessory interest of the state should be excluded therefrom. A copy of the said petition is attached to the amended and supplemental complaint, marked Exhibit "A," and incorporated therein as if set forth in full. On July 10, 1957, Milliron's appeared before said board in support of the petition. The board denied the petition and refused to reduce the assessments. On December 10, 1957, Milliron's paid to the tax collector for defendant county the sum of $45,685.12, representing the first installment of taxes. On April 10, 1958, Milliron's paid to the said tax collector $45,685.12, representing the second and final installment. About June 18, 1958, Milliron's filed with the board of supervisors of the county a claim for refund of said taxes in the amount of $43,868.08. A copy of said refund claim is attached to the amended and supplemental complaint and incorporated therein. About October 27, 1957, the board of supervisors denied said refund claim. Of the total amount of the payments described above ($91,370.24) the sum of $32,730.80 was erroneously and illegally collected by the county, and the sum of $11,137.28 was erroneously and illegally collected by the county upon behalf of the city. Defendants still refuse to pay said sum to Milliron's or to plaintiff.

The amended and supplemental complaint, with respect to the basis of the claim for refund of the taxes paid by Milliron's, may be summarized as follows: Milliron's was the assignee of the lessee's interests under two leases which required the lessee to pay the taxes. In 1956 Milliron's subleased 23.13 per cent of the area of the leased premises to the State of California. The assessor, in assessing the property for taxes for 1957, included in the assessed value the value of the possessory interest of the state under the sublease. Defendants levied taxes for the year 1957 based on an assessed value which included the value of the possessory interest of the

state. Milliron's petitioned the county board of equalization to reduce the taxes on the ground that the value of the possessory interest of the state should be excluded from the assessed value. The board refused to reduce the assessment. Milliron's paid the taxes. Thereafter Milliron's filed a claim for refund of the portion of the taxes allegedly levied and paid on the possessory interest of the state. The board denied the claim.

A copy of the tax bill for the year 1957 (the tax year involved here) is attached to the amended and supplemental complaint. That bill shows that the real property described in the amended and supplemental complaint as the property upon which the taxes were levied was assessed at a value of $1,235,000; the land was assessed at $614,000; the improvements were assessed at $621,000; and that the tax was $91,370.24. The bill shows that the property was assessed to Albert C. Bilicke "et al." There is no statement thereon regarding the possessory or leasehold interest of the state.

The amended and supplemental complaint will be referred to as the complaint.

Appellant (Ohrbach's, the successor to the interests of Milliron's, the lessor) asserts that the complaint shows that the value of the possessory interest of the State of California (the value of the state's lease), which interest was exempt from taxation, was included in the assessment of the Milliron property, and that the tax which was levied upon the basis of that assessment was paid by Milliron's. Appellant asserts further that the legal consequences of such assessment, levy, and payment is that Milliron's made an overpayment of tax and that plaintiff (the successor to Milliron's) is entitled to recover the overpayment from defendants.

Respondents (county and city) assert, in effect, that the complaint does not show that any assessment was made, or that any tax was levied, against the possessory interest of the state; that the complaint does show, as follows: that the only interest that was assessed and taxed was the Milliron interest; that Milliron's would receive a total of $1,463,150.16 from the state as rent under the 10-year lease, and that that amount represents the value (to Milliron's) of the use of the leased property during the term of the lease; that such value of the use arises from Milliron's ownership of the property; and that the value of the use and the value of the reversion, when combined, equal the value of the entire estate in the property. Respondents (county and city) also assert that the complaint does not allege that the amount of rental to be received by

Milliron's is less than the full rental value of the leased property.

Appellant's argument seems to be that the state's possessory or leasehold interest was exempt from taxation, and therefore the value of such interest should be deducted from the assessed value of the land and improvements. Article XIII, section 1, of the California Constitution provides, in part: "[T]hat property . . . such as may belong to this State . . . shall be exempt from taxation. . . ." Also it seems that appellant construes that provision as meaning that the owner of property which is leased to the state is also entitled to an exemption of the property from taxation to the extent of the state's interest in the property.

As shown by the complaint, Milliron's was not the owner of the property, but was the assignee of two leases on the property covering a period of approximately 99 years. The leases provided that the lessee or its assignees should pay the taxes. The sublease whereby Milliron's sublet a portion of the property to the state did not provide that the lessee (state) should pay taxes on the subleased portion. In *Graciosa Oil Co.* v. *County of Santa Barbara*, 155 Cal. 140 [99 P. 483, 20 L.R.A. N.S. 211], it was said at page 144: "[T]he owner of the fee may fairly be deemed to be the owner of the whole estate for purposes of taxation." That case was decided prior to the time the sublease, in the present case, was made. It does not appear from the complaint that the parties to the sublease considered (at the time of making the lease) whether the sublessee (state) would pay taxes, or whether the sublessor (Milliron's) after making the lease would be relieved of payment of taxes (on the leased portion) on the theory that while the state held the sublease that portion of the property was exempt from taxation as to the interests of both the lessee and the lessor. If the leasehold interest of the state was exempt from taxation, it would not follow that the owner or lessor would also be entitled to such an exemption with respect to the leased portion. The rule of "strict construction" extends to the construction of enactments regarding exemptions from taxation. (See *Bay Cities Transp. Co.* v. *Johnson*, 8 Cal.2d 706, 711 [68 P.2d 710].) The constitutional provision, above referred to, is that such property "as may belong to this State" shall be exempt from taxation. In *De Luz Homes, Inc.* v. *County of San Diego*, 45 Cal.2d 546 [290 P.2d 544], the federal government, as owner of land that was exempt from taxation, leased a portion of the land to De Luz Homes, Inc., a corporation. In that case the possessory or leasehold interest was

taxable even though the reversionary (owner) interest was exempt. In other words, in that case the lessee of a portion of tax-exempt property did not gain a tax exemption because the lessor's property was tax exempt. Likewise, in the present case where the opposite factual situation exists (that is, where the lessee's possessory interest allegedly is tax-exempt and the lessor's reversionary interest is taxable) the lessor should not gain a tax exemption merely because it leased a portion of its nontax-exempt property to a lessee that allegedly was entitled to tax exemption. As above stated, appellant's assignor (Milliron's), as the 99-year lessee, agreed to pay taxes on the whole property—land and building. Milliron's sublet about 23 per cent of the floor space of the building to the state and will receive rental, as above specified, for the state's use of that space. The fact that Milliron's sublet a portion of its leased premises and actually did not occupy that portion does not signify that Milliron's as a result thereof did not have the use value of the leased portion during the term of the sublease. In lieu of actual occupancy of said portion, Milliron's elected to receive rental for said portion, which rental represents the value (to Milliron's) of the use of said portion during the term of the sublease. Such value of the use of said portion and the value of the reversion are equal to the value of the whole estate in the property. As stated in *De Luz Homes, Inc.* v. *County of San Diego, supra,* at page 563: "In practice, assessors usually enter the entire value of land and improvements on the tax roll without distinction between possessory and reversionary interests. . . ." It is true that the complaint in the present case alleges generally that the assessor included in the assessed value the value of the possessory interest of the state under the sublease. It is to be noted, however, that the copy of the tax bill which is attached to the complaint does not indicate that the state's possessory interest was included. The complaint shows that Milliron's asked the board of equalization to reduce the assessment on the ground that the value of the state's possessory interest was included in the assessment; and the complaint shows that the request was denied.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 24, 1961. Schauer, J., was of the opinion that the petition should be granted.