[Civ. Nos. 24773, 24820.  Second Dist., Div. Three.  June 30, 1961.]

EDWARD J. ROTHMAN et al., Appellants, v. COUNTY OF LOS ANGELES et al., Respondents.

(Two Cases.)

Mandle Rottman for Appellants.

Harold W. Kennedy, County Counsel, and John D. Cahill, Deputy County Counsel, for Respondents.

VALLÉE, J.—Appeals by plaintiffs from two judgments entered after demurrers sustained to second amended complaints in suits for refunds of taxes. The question for decision is the same in each case and the appeals have been consolidated.

Plaintiffs are the record owners of four parcels of realty in the city of Los Angeles. In 1952 plaintiffs' predecessors in interest leased the property to the county of Los Angeles for a term of 20 years with an option to purchase the property for $527,875 at the end of 15 years and an option to purchase the property for $162,250 at the end of 20 years. The rental was $6,238.75 a month. The county of Los Angeles has been

in exclusive possession of the property since execution of the lease. The lease contains this provision:

"Lessors understand that this property is subject to City, County and District taxes and agree that they shall pay said taxes thereon, but that they shall not be obligated to pay any taxes upon the personal property upon the premises not belonging to the said Lessors."

The assessor assessed the entire fee in the property for the fiscal years 1957 and 1958 at its full cash value and levied taxes thereon accordingly. No reductions in the assessments were made because of the interest of the county in the property. Plaintiffs paid the taxes as levied. No tax was assessed against or paid by the county on its interest. Claims for refund were timely filed and denied. In Number 24773 plaintiffs seek recovery of part of the taxes assessed and paid for the fiscal year 1957-58. In Number 24820 they seek recovery of part of the taxes assessed and paid for the fiscal year 1958-59.

It is true, as plaintiffs say, that plaintiffs and the county are owners, respectively, of the reversionary and possessory interests in the realty. (30 Cal.Jur.2d § 5, p. 130.) ▮ The question for decision in each case is: Where the county of Los Angeles has the use and possession of realty under a long term lease from a private lessor, may the tax assessment be made on the entire fee and taxes levied thereon, or must the county's interest under the lease be segregated and an assessment and tax levy be based on the reversionary interest of the private lessor?

The Constitution provides that property such as may belong to any county shall be exempt from taxation. (Const., art. XIII, § 1.) Thus the possessory interest of the county is exempt from taxation. Plaintiffs contend that since the county is the owner of the possessory interest and plaintiffs are the owners of the reversion, the single assessment based on the combined interests is an assessment based on a greater property interest than that owned by plaintiffs and is void, and the taxes levied thereon are illegal and invalid.

The question was answered recently by *Ohrbach's, Inc.* v. *County of Los Angeles*, 190 Cal.App.2d 575 [12 Cal.Rptr. 132]. In that case, Milliron's was the assignee of the lessee's interests under two leases of realty which required the lessee to pay the taxes. In 1956 Milliron's subleased a portion of the leased premises to the State of California. The assessor, in assessing the property for taxes for 1957, included in the

assessed value the value of the possessory interest of the state under the sublease. Taxes were levied for the year 1957 based on that assessed value. Milliron's paid the taxes and filed a claim for refund of the portion of the taxes levied and paid on the possessory interest of the state. The claim was denied. Ohrbach's was the successor to the interests of Milliron's, the sublessor. Ohrbach's contended the state's possessory interest was exempt from taxation and therefore the value of such interest should have been deducted from the assessed value of the property. The Constitution provides that property such as may belong to the state shall be exempt from taxation. (Const., art. XIII, § 1.) The court held that, for purposes of taxation of leased property, the owner of the fee may fairly be deemed to be the owner of the whole estate, and the sublessor who had agreed to pay taxes on the whole property was not entitled to a tax exemption because it sublet a portion of the property to a sublessee entitled to tax exemption, and the value of the whole estate was properly assessed to the sublessor. No end would be served in repeating what is said in that well-reasoned opinion.

The judgment in each case is affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied July 24, 1961, and appellants' petition for a hearing by the Supreme Court was denied August 23, 1961.