[Civ. No. 26175. First Dist., Div. Two. Mar. 25, 1970.]

CITY OF PALO ALTO, Plaintiff and Appellant, v.
COUNTY OF SANTA CLARA et al., Defendants and Respondents.

## COUNSEL

James A. Hildebrand, City Attorney, Paul E. Anderson, Valentine Brookes, Charles S. Franklin, C. Henry Veit and Kent, Brookes & Anderson for Plaintiff and Appellant.

Edwin J. Moore, City Attorney (Santa Clara), and M. Van Smith, Assistant City Attorney, as Amici Curiae on behalf of Plaintiff and Appellant.

John R. Kennedy, County Counsel, and Byron D. Athan, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**TAYLOR, J.**—The City of Palo Alto (hereafter City), appeals from a summary judgment in favor of the County of Santa Clara (hereafter County) denying the City's request for a refund for property taxes paid. The City argues that its tax-exempt possessory interests under certain long term leases from Leland Stanford Junior University (hereafter lessor), a nontax-exempt private lessor, should be segregated, and the value thereof subtracted from the assessment and tax levy based on the entire fee.

The stipulated facts are as follows: The City is a municipal corporation with leases of varying terms on several parcels of nontax-exempt land owned by the lessor. The leased properties are used for public purposes. The agreed rental for the leased properties is a percentage of the assessed valuation. The full cash value of the fee and various possessory interests

are as set forth below.[1] For the assessment years 1964-1965, 1965-1966, 1966-1967, the county assessor assessed the property to the lessor at the full cash value of the entire fee without subtracting anything from the assessments because of the City's possessory interests under its leases.

In addition, the pertinent portions of the leases attached to the affidavits provide that as part of the consideration of the lease, the City agreed to bear, pay and discharge all taxes and assessments due. Pursuant to this provision of the leases, the tax bills were mailed to the City, and the City paid them. On June 14, 1968, the City instituted this action for refunds.

The City points out that under article XIII, section 1 of the state Constitution, property belonging to any municipal corporation is exempt from taxation and that, consequently, it is not obligated to pay taxes on its possessory interests in the property. The City argues that since it is the owner of the possessory interest and the lessor merely the owner of the reversions, the single assessment based on the combined interest is an assessment based on a greater property interest than that owned by the lessor and is, therefore, void. Accordingly, the City concludes that its interest under the leases should be segregated and the value thereof subtracted from the assessment and tax levy based on the entire fee, so that the assessment and levy will be limited to the lessor's reversionary interest.

This identical question was presented and adversely determined to the City's contentions in *Rothman* v. *County of Los Angeles,* 193 Cal.App.2d 522 [14 Cal.Rptr. 427], on the basis of *Ohrbach's, Inc.* v. *County of Los Angeles,* 190 Cal.App.2d 575 [12 Cal.Rptr. 132]. In both *Rothman* and *Ohrbach,* the refund actions were filed by the private owner-lessors who had leased or subleased a portion of their premises to exempt lessees. In each instance, in accordance with the rule approved in *Graciosa Oil Co.* v. *County of Santa Barbara,* 155 Cal. 140 [99 P. 483], the owner of the fee was deemed to be the owner of the whole estate for purposes of taxation and the tax assessments and levy were made on the entire fee without substracting the possessory interests of the tax-exempt lessees. In both cases, the court clearly indicated that the lessee's possessory interest was tax exempt under the constitutional provision cited above, but

---

[1]

| Parcel No. | Fee | Full Cash Values Possessory Interest |
|---|---|---|
| 122-57-004 | $558,800 | $549,189 |
| 122-58-001 | 348,640 | 342,644 |
| 122-57-003 | 24,080 | 23,670 |
| 142-20-041 | 30,240 | 29,911 |
| 142-18-039 | 44,320 | 42,893 |
| 142-19-003 | 44,320 | 44,103 |

approved the method of assessment used, a method identical to that followed here.

The City relies on *De Luz Homes, Inc.* v. *County of San Diego,* 45 Cal.2d 546 [290 P.2d 544]. In *De Luz,* the facts were the exact converse of the instant case, namely, a tax-exempt owner (the federal government) leased a portion of the premises to a private nonexempt lessee. Our Supreme Court held that the possessory interest was separately taxable and assessable and explained its reasoning as follows at page 563: "In practice, assessors usually enter the entire value of land and improvements on the tax roll without distinction between possessory and reversionary interests, and since this practice results in a single amount reflecting both interests on the roll, the constitutional mandate that all property be taxed is obeyed. (*San Pedro, etc. R.R. Co.* v. *City of Los Angeles,* 180 Cal. 18, 22 [179 P. 393].) ▪ As between reversioners and possessors payment of the tax is a private arrangement. (*Simms* v. *County of Los Angeles,* 35 Cal.2d 303, 313 [217 P.2d 936]; *San Pedro, etc. R.R. Co.* v. *City of Los Angeles, supra,* 180 Cal. 18, 22; *Lick* v. *Austin,* 43 Cal. 590, 594-596.) ▪ When, however, the possessory interest is taxable and the reversion is exempt, only the possessory interest is subject to assessment and taxation. (*Pasadena* v. *County of Los Angeles,* 182 Cal. 171, 176 [187 P. 418]; *People* v. *Shearer,* 30 Cal. 645, 661.) 'When . . . there is a lease of land owned by the state or a municipality, the reversion being exempt from taxation, the usufructuary interest alone is subject to tax in proportion to its value; and in the absence of agreement to the contrary, the tax necessarily falls upon the lessee.' (*Hammond Lbr. Co.* v. *County of Los Angeles,* 104 Cal.App. 235, 240 [285 P. 896].)"

▪ Further, in *Ohrbach,* in rejecting an identical argument to that made here by the City, the court indicated, at page 581, that in the situation such as that here presented, the lessor should not gain a tax exemption merely because it leases a portion of its nontax-exempt property to a lessee entitled to the exemption. Thus, the rule applied in this case has a sound practical basis and, as no tax is *assessed* against the tax-exempt municipality, the constitutional mandate is not violated.

The fact that the lessor here does not occupy the portion leased to the City does not signify that the lessor, as a result thereof, does not enjoy *the value* of the leased portion during the term of the leases. In lieu of actual occupancy of the portion leased, the lessor elected to receive rental for that portion, which rental represents the value of the rented premises during the term of the leases. Stanford's taxes, which the City agreed to pay, were expressly stated to be part of the consideration for the lease and were un-

doubtedly in lieu of additional rental (*Graciosa Oil Co.* v. *County of Santa Barbara, supra*).

The value of the use of the leased premises and the value of the reversion are equal to the value of the whole estate in the property. ■ Any attempt to segregate and subtract the value of possessory interests leased by tax-exempt entities from nonexempt property owners or lessors would lead to a thoroughly chaotic assessment practice. The City has not cited any authority to support its position, and we have taken note of the amicus curiae brief which attempts to distinguish *Ohrbach* from the instant case. We conclude, however, that the rule there stated is a sound one and that the result reached by the trial court in the instant case is correct.

The judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1970.