[No. A025861. First Dist., Div. Five. Apr. 5, 1985.]

TRI-CITIES CHILDREN'S CENTER, INC., Plaintiff and Respondent, v. BOARD OF SUPERVISORS OF ALAMEDA COUNTY et al., Defendants and Appellants.

COUNSEL

Richard J. Moore, County Counsel, and James F. May, Senior Deputy County Counsel, for Defendants and Appellants.

Frank Roesch, Clifford Sweet and Peggy Hora for Plaintiff and Respondent.

OPINION

LOW, P. J.—We hold that a leasehold interest in a parcel of public property is exempt from property taxes if the lessee uses the leasehold for charitable purposes.

Plaintiff Tri-Cities Children's Center, Inc. (Tri-Cities) brought an action for a refund of property taxes and for a declaration that its leasehold interest in real property owned in fee by the Fremont Unified School District was exempt from property taxation. The trial court granted plaintiff's motion for summary judgment on the grounds that the words "property . . . owned" as used in Revenue and Taxation Code section 214[1] are not limited to a fee ownership, but also apply to the separate ownership of a leasehold interest in publicly owned land. We affirm.

Tri-Cities is a nonprofit charitable corporation and leases portions of a school owned by the Fremont Unified School District of Alameda County. Tri-Cities operates a nursery school on the leased premises for handicapped and disadvantaged children. The Alameda County tax assessor levied real property taxes on account of plaintiff's possessory interest in the property that it leased. Tri-Cities paid Alameda County the assessed taxes under protest. After exhausting its administrative remedies, Tri-Cities filed suit for refund.

■ Constitutional and statutory provisions granting exemption from taxation are to be strictly construed and such concessions will not be extended beyond the plain meaning of the language employed. (*Cypress Lawn C. Assn.* v. *San Francisco* (1931) 211 Cal. 387, 390 [295 P. 813]; *Honeywell Information Systems, Inc.* v. *County of Sonoma* (1974) 44 Cal.App.3d 23, 27 [118 Cal.Rptr. 422].) All property is subject to taxation unless it is specifically exempted by law. (Cal. Const., art. XIII, § 1.) Article XIII, section 4 of the California Constitution, which provides authority for section 214, states in part: "The Legislature may exempt from property taxation in whole or in part: . . . [¶] (b) Property used exclusively for religious, hospital, or charitable purposes and owned or held in trust by corporations or other entities (1) that are organized and operating for those purposes, (2) that are nonprofit, and (3) no part of whose net earnings inures to the benefit of any private shareholder or individual."

Section 214 states in part: "Property used exclusively for religious, hospital, scientific, or charitable purposes owned and operated by community chests, funds, foundations or corporations organized and operated for religious, hospital, scientific or charitable purposes is exempt from taxation if: . . . [¶] (7) [The] [p]roperty [is] used exclusively for nursery school purposes and owned and operated by religious, hospital or charitable funds, foundations or corporations . . . ."

---

[1]All statutory references are to the Revenue and Taxation Code unless otherwise indicated.

In *English* v. *County of Alameda* (1977) 70 Cal.App.3d 226 [138 Cal.Rptr. 634], the court discussed the meaning of "property" as used in section 214. *English* involved a taxpayers' suit against various counties and tax assessors to compel defendants to assess tenancy interests and other possessory interests of certain employees, beneficiaries and patients who resided in or used property owned by tax-exempt colleges, universities, hospitals and other nonprofit organizations. The issue was whether a separate taxable property interest exists in the property where fee ownership is concededly entitled to either the welfare or college tax exemption, and the use of the property is incidental to or reasonably necessary for the accomplishment of the exempt purpose. The court concluded that none of the individuals in question were subject to ad valorem taxation by reason of their occupancy or use of the tax-exempt property in light of the fact that the occupancy or other uses of the exempt property were incidental to and reasonably necessary for the accomplishment of the charitable purposes upon which the exempt status of the property was predicated. "In deciphering the meaning of the word 'property,' which plays a crucial role in ascertaining the legislative intent and defining the scope of welfare exemption, we take recourse to the statute itself. ■ By statutory definition, *'property' includes all matters* and things, real, personal, and mixed, *capable of private ownership* (Rev. Code, § 103). 'Real estate' or 'real property' comprises inter alia the possession of, claim to, ownership of, or right to the possession of land and improvements (Rev. Code, § 104, subds. (a) and (c)). 'Improvements' encompass buildings, structures, fixtures and fences erected on or affixed to the land (Rev. Code, § 105, subd. (a)). Possessory interests as defined by the statute mean: '(a) Possession of, claim to, or right to the possession of land or improvements, except when coupled with ownership of the land or improvements in the same person. [¶] (b) Taxable improvements on tax-exempt land.' (Rev. Code, § 107.)" (*Id.*, at p. 235.)

Defendants contend that if the term property is interpreted to include property interests of less than a fee, leasehold interests in property owned by *private* nonexempt corporations would also be exempt; this would be an unwarranted expansion of the welfare exemption. This is not true. When privately owned property is leased to a tax-exempt governmental agency, the private owner ordinarily is not entitled to have the exempt agency's leasehold interest segregated from his reversionary fee interest for tax purposes. The owner may be validly assessed on the *entire* fee. (See, e.g., *City of Palo Alto* v. *County of Santa Clara* (1970) 5 Cal.App.3d 918 [85 Cal.Rptr. 544].)

■ We reject defendants' contention that the term "owned" as used in section 214 is limited in meaning to ownership of a fee simple to the exclu-

sion of a possessory interest. Construing the term "owned" to include a possessory interest is consistent with the legislative intent behind section 214, especially when the leased property is used exclusively for charitable purposes.[2]

■ Defendants also contend that section 214 applies only to private not publicly owned property, and that the owner and operator of all the interests in the property, including the fee interest, must qualify under the same statute before the exemption will be granted. Defendants argue that because the lessor, in this case the Fremont Unified School District, does not fall within the requirements of section 214, the tax exemption cannot be granted. Defendants rely on *Christ The Good Shepherd Lutheran Church* v. *Mathiesen* (1978) 81 Cal.App.3d 355 [146 Cal.Rptr. 321], for their assertion that section 214 has a requirement of unity of both ownership and use. Defendants' reliance is misplaced. There is nothing in *Christ the Good Shepherd Lutheran Church* that limits section 214 tax exemption of the possessory interest to situations in which *both* the possessory interest and the fee qualify under that section. In Tri-Cities' case, the leasehold itself—the property which defendants are attempting to tax here—is both owned and operated by an organization that qualifies under section 214. The fact that the fee interest in the property belongs to a public organization that is exempt under a section other than section 214 is not relevant.

In their final argument, defendants urge that in the absence of a clear legislative directive, there can be no exemption for its leasehold interest. In support of this position, defendants point to other situations in which the Legislature has specifically exempted possessory interests. We reject that argument and conclude that when the Legislature wrote section 214, it intended the statute to cover the totality of property rights, including possessory rights used for charitable purposes.

The judgment is affirmed.

King, J., and Haning, J., concurred.

---

[2]Defendants have taken a curious position here. They have denied Tri-Cities' claim for the welfare exemption on the grounds that the leasehold is not "property"; yet the leasehold is the very property that defendants want to tax.